UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff,<br>v.<br>LENNIE LUAN LE_____, Defendant. | Case No. 13-cr-00076 RMW (NC)<br><br>ORDER OF DETENTION<br>PENDING TRIAL |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on November 27, 2013. Defendant was present, represented by his attorney Garrick Lew. The United States was represented by Assistant U.S. Attorney John Glang. The hearing was held publicly. The U.S. Attorney was ordered to provide notice to crime victims under the Crime Victims' Rights Act. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

**PART I. PRESUMPTIONS APPLICABLE**

/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon the indictment to believe that the defendant has committed an offense

    A.   ___   for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR

    B.   ___   under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X/ No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**

/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .

Thus, the burden of proof shifts back to the United States.

///

PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Pre-Bail Report prepared November 26, 2013, supplemented by information presented at the hearing. Le is charged in three counts of an indictment. In counts one and two, he is one of nine defendants charged with conspiracy and conducting, financing, managing, supervising, directing, or owning an illegal gambling business, both felonies under 18 U.S.C. §§ 371 and 1955(a). In count three, he is the only defendant charged with a felony violation of 18 U.S.C. § 1951(a) for interference with commerce by threats or violence. The following factors establish by more than clear and convincing evidence that Le is a danger and should be detained in order to assure the safety of the community. This 32-year old defendant was serving a federal probation sentence during the time of the alleged conduct in this case. The probation term ended September 30, 2013. According to pretrial services, while on probation Mr. Le violated his conditions by using illicit substances and failing to report for drug testing. During pretrial release on his 2006 federal case, Mr. Le had multiple violations, including an arrest for drunk in public. He was sentenced to 5 years of probation in 2008 for possession with intent to distribute marijuana in case number 06-cr-0644 CRB. In the more distant past, Pretrial Services reported a juvenile conviction for second degree murder and a 2003 felony conviction for bringing drugs/weapons into a youth authority institution. Finally, although the weight of the evidence is the least significant factor, the government proffered that Le made threats in connection with the alleged illegal gambling operation that is the subject of the indictment. He is described by the prosecution's proffer as a lieutenant in the street gang that carried out and enforced the gambling operation. In other words, Le poses a danger to the community both individually and as a supervisor of other persons who might carry out his orders. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of release conditions, as the defendant has family ties to this District.

**Part V. Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 27, 2013

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_

2