UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LENNIE LUAN LE,<br><br>    Defendant. | Case No. 5:13-cr-00076-RMW<br><br>**ORDER DENYING MOTIONS TO SUPPRESS** |

Defendant Lennie Le ("Le") through his counsel has filed a motion to suppress evidence obtained in this case from two wiretaps. The motions are supplemented by a brief filed after the Government revealed the content of certain redactions to the wiretap applications. Le's co-defendants filed joinders in the motion. Defendant Le contends that the affidavit submitted in support of each of the two wiretaps failed to establish the required necessity for a wiretap. He further claims that the Government failed to properly minimize the intercepted conversations. In addition, the defendant submits that the remaining redactions prevent him from raising an argument pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Defense counsel also raised, pursuant to his client's request, an issue concerning probable cause for the first wiretap.

The court heard argument pertaining to the motions on July 20, 2015 and August 17, 2015. The court denied the motions without prejudice to a motion to exclude any particular intercepted

statement that is offered in evidence and that defendant claims was not properly minimized. The Government represented that it does not intend to offer any of the twenty-one intercepts cited in defendant Le's Supplemental Memorandum in Support of Motion to Suppress Wiretap Evidence Based on [the Alleged] Failure to Minimize (Dkt. No. 164).

Special Agent Terry L. Albury of the FBI submitted the affidavit for the interception of wire and electronic communication over target telephone 1 ("TT 1"), which resulted in the issuance of an order on May 1, 2012 by District Judge Edward Davila authorizing interception of wire and electronic communication over that telephone. The affidavit stated that there was probable cause to believe the interceptees and their co-conspirators had used and continue to use TT 1 to commit extortion and engage in illegal gambling activities. Although the cellular phone was subscribed to TracFone, it was used by Lennie Luan Le.

On October 29, 2012, Special Agent Michael P. McCready of the FBI applied to Judge Davila for authorization to intercept wire and electronic communications over target telephone 2 ("TT 2"). His affidavit related to facts relevant to the targets' involvement in interfering with commerce by threats or violence and owning, conducting and supervising an illegal gambling operation. TT 2 was subscribed to Van Nguyen but used by Lennie Luan Le. The application for the intercept order was authorized by Judge Davila on October 29, 2012.

## I.   NECESSITY FOR WIRETAPS

Before a wiretap order may be issued, the applicant must show that other investigative procedures have been tried and failed or that such other procedures reasonably appear to be unlikely to succeed if tried or be too dangerous. *See* 18 U.S.C. §§ 2518(1), (3). The purpose of the necessity requirement is "to ensure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Blackmon*, 273 F.3d 1204, 1207 (9th Cir. 2001). While a wiretap should not normally be the initial step of the investigation, "law enforcement officials need not exhaust every conceivable alternative before obtaining a wiretap." *United States v. McGuire*, 307 F.3d 1192, 1196-97 (9th Cir. 2009); *United States v. Smith*, 893 F.2d 1573, 1582 (9th Cir. 1990). In this case, the agents' affidavits showed the

need for the wiretaps.

Agent Albury in his affidavit, primarily at pages 82-104, explained what investigative methods had been tried and why the requested wiretap was necessary. He explained the limited value of information learned through confidential sources and the limited scope of their knowledge and cooperation. He pointed out the failure to develop information from an undercover agent who unsuccessfully tried to gain knowledge of those involved in the gambling operation and why use of undercover officers to attempt to infiltrate the Vietnamese gang was not likely to succeed. He also detailed what other avenues had been tried and why further investigative techniques were unlikely to succeed, particularly with respect to disclosing the extent of the criminal organization or the members of it. The Government is entitled to more leeway in its investigative methods when it pursues a conspiracy. *United States v. Garcia-Villalba*, 585 F.3d 1223, 1230 (9th Cir. 2009) (citing *McGuire*, 307 F.3d at 1197-98). The court is satisfied that the Government established necessity for the wiretap of TT 1.

The affidavit for the interception of communication on TT 2 also showed the necessity for the interception. Defendant focuses on his contention that because the first wiretap was improperly obtained because it lacked necessity, the second wiretap should also be suppressed. The court disagrees. The first wiretap was justified. In addition, the Government set forth what investigative techniques had been tried and failed during the time of the first wiretap and went on to describe the limitations and failures of identifying all of the co-conspirators and potential leaders and organizers of the crimes being investigated. The Government related what had been learned and not learned from confidential sources 5-9 and the fact that confidential sources 3 and 4 had moved away and had no recent contact with Le. The court is satisfied that the Government adequately showed necessity for the interception of communications over TT 2.

**II.    MINIMIZATION REQUIREMENT**

Defendant Le argues that the Government failed to properly minimize the intercepted conversation and that this failure was so egregious as to justify suppression of all the evidence obtained from the intercepts. *See United States v. Hoffman*, 832 F.2d 1299, 1309 (1st Cir. 1987).

The defendant identified twenty-one calls that it specifically contends show a lack of required minimization.

Title III requires that wiretapping or electronic surveillance "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter . . . ." 18 U.S.C. § 2518(5). "Minimization requires that the government adopt reasonable measures to reduce to a practical minimum the interception of conversations unrelated to the criminal activity under investigation while permitting the government to pursue legitimate investigation." *McGuire*, 307 F.3d at 1199.

In the instant case, the declarations of Special Agent McCready (Dkt. Nos. 168-69) explain the minimization procedures the Government claims it followed. The Government contends its minimization efforts were appropriate but also represented that it did not intend to offer any of the twenty-one calls that the defense identified as not properly minimized. The court is satisfied that the Government's minimization efforts were not so lacking as to call for suppression of all evidence obtained through the wiretaps. The court, however, will specifically review the admissibility of any communication that the Government offers in evidence if the defense contends that the statement should have been minimized.

### III. INABILITY TO MAKE A *FRANKS* MOTION

Defendant Le complains that remaining redactions in the wiretap affidavit preclude his ability to make a motion that evidence obtained as a result of the wiretaps should be excluded. A defendant is only entitled to an evidentiary hearing on alleged falsehoods or misstatements in a wiretap affidavit if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *see United States v. Fernandez*, 388 F.3d 1199, 1237-38 (9th Cir. 2004) (applying *Franks* to wiretaps); *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000) (same). The defendant's claim that the remaining redactions might show that Agent Asury or Agent McCready knowingly made false or reckless statements in

their affidavits in support of the wiretaps seems speculative. If the redacted statements are excised from the affidavits, there is still a showing of probable cause and necessity for the wiretaps. Accordingly, since Le has failed to meet the requisite burden for an evidentiary hearing, there is no basis to suppress the evidence obtained from the wiretaps.

Defendant Le filed a second supplemental motion to suppress the evidence obtained from the wiretap of TT 1 because he contends that there was insufficient evidence that defendant Le intended to use TT 1. This contention lacks merit. Probable cause and necessity were clearly shown by Agent Asbury's affidavit.

## IV.   ORDER

The court denies defendant's motions to suppress the evidence obtained as a result of the wiretaps. The court reserves its ruling on the admissibility of any individual statement that the Government seeks to offer and that the defendant claims was not properly minimized.

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
Ronald M. Whyte
United States District Judge