UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,, | Case No. 5:13-cr-00076-RMW |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR ACQUITTAL AND MOTION FOR NEW TRIAL** |
| LENNIE LUAN LE, | |
| Defendant. | |

**I.**

Defendant Lennie Le ("Le") has filed a motion for acquittal and a motion for new trial. The motion for acquittal is based upon an alleged insufficiency of the evidence. He focuses on Count Three, which charged an interference with commerce by threats or violence. The jury hung on Count Three, and the court granted a mistrial on that count. Le argues that there was no evidence that he personally threatened the two victim owners of the Sau Café.

It is true that defendant never personally and expressly threatened violence. However, the evidence was overwhelming that Le was involved in a conspiracy that operated an illegal gambling business and that he demanded funds from the victim owners with the implied threat that if they failed to turn over the required percentage of the gambling revenue, they would be subject to violent consequences at the hands of one or more of the conspirators. The evidence was more

1
5:13-cr-00076-RMW
ORDER DENYING MOTION FOR ACQUITTAL AND MOTION FOR NEW TRIAL

than sufficient to show that Le, as a co-conspirator, was responsible for the fear he and his co-conspirators instilled in the victim owners.

## II.

Le also contends that there was no evidence that defendant's action affected interstate commerce. He primarily argues that there was no nexus between the extortion and interstate commerce.

Only a *de minimis* effect on interstate commerce is required to establish jurisdiction under the Hobbs Act, and the effect need only be probable or potential, not actual. *United States v. Lynch*, 437 F.3d 902, 908-09 (9th Cir. 2006). An interstate nexus may arise from either direct or indirect effects on interstate commerce. *Id*. at 909-10. In the present case, there was a nexus between the Sau Café's purchase and sale of coffee and interstate commerce. The coffee the owners bought came from foreign countries, and the amount they needed and could buy and then sell at their café in California was at least slightly affected by the extortion and illegal gambling business. That is enough to meet the interstate commerce connection.

## III.

Le contends that he is entitled to a new trial on the illegal gambling counts charged in Counts One and Two because the Government failed to disclose the names of waitresses at the Sau Café. The Government submitted to the court *in camera* shortly before trial commenced San Jose police reports of which the Government had possession detailing the San Jose police department's investigation of the Sau Café. The court reviewed the reports and then ordered the Government to give copies of them to the defense. The Government did so, but, unknown to the court, it did so with information identifying the waitresses redacted. The defense now claims that those waitresses may have been able to offer evidence that would have impeached the testimony of the two victim owners.
The court is troubled by the Government's unilateral decision to redact identifying information without first obtaining permission from the court. However, the defense never raised an issue about the redactions prior to or during trial. Further, the Government did not redact any information obtained from the waitresses concerning the operation of the cafe. The San Jose

officers who did investigate the Sau Café testified at trial but were not asked for the names of the waitresses. The defense was able to fully cross-examine the victim owners concerning illegal activities at the Sau Café (nude waitresses, smoking, gambling, etc.). The idea that the defense would have been able to locate the former waitresses and uncover some evidence from them that would have been helpful is highly speculative at best.

## IV.

The court denies the motion for acquittal and for a new trial. The courtroom deputy will contact the parties to set a sentencing date.

**IT IS SO ORDERED.**

Dated: November 16, 2015

_____
Ronald M. Whyte
United States District Judge